## *DANIEL HENSLY v. CITY OF HAMILTON ET AL.

**1. ACTION IN NAME OF TAXPAYER ON BEHALF OF CORPORATION.**

When under sec. 1778, Rev. Stat., a taxpayer brings an action to restrain a misapplication of funds of the corporation, or the abuse of corporate powers, etc., the action should be in his name as a taxpayer on behalf of the corporation, and not simply as a taxpayer. This ruling is warranted by construing secs. 1777 and 1778 together, as required in The Cincinnati Railroad Co. v. Richard Smith et al., 29 O. S., 291, and the amendment of 1777 in 1884 (81 O. L., 188), requiring the city solicitor to bring such action "in the name of the corporation."

**2. ACTS DONE BEFORE ORDINANCE TAKES EFFECT.**

When an ordinance provides that "it shall take effect and be in force from and after ten days after its publication," any act done under it until that time has elapsed, after its first· publication, is void.

**3. PREMATURE ELECTION.**

A popular vote to be taken on a question after thirty days' notice of election, under an ordinance to take effect in ten days from its first publication, cannot be had in less than thirty days after the ten days.

**4. COUNCIL MAY FIX THE TIME ITS ACTS TAKE EFFECT.**

Whether the ordinance be one of a general nature, or providing for improvements, as provided for in the Revised Statutes, sec. 1695, or not, it is competent for a city council to fix the time at which any resolution or ordinance shall take effect.

APPEAL from Court of Common Pleas of Hamilton county.

Cox, J.

In the common pleas court the plaintiff, as a resident and taxpayer of the city of Hamilton, brings this action for himself, and on behalf of other taxpayers of said city, who are too numerous, as he alleges, to be personally brought before the court.

He claims that the city council of said city, on the 28th of February, 1888, passed an ordinance, entitled, "An ordinance for the submission to the qualified voters of the city of Hamilton, Ohio, of the question of using the bonds of said city to the extent of one hundred and fifty thousand dollars, for the purpose of erecting and operating gas works, or purchasing gas works already erected therein."

---

*This case is cited by the circuit court in Gas Co. v. Elyria, 7 Ohio Circ. Dec., 527, 531.

The ordinance provided that the election on said question should be held on the 2d day of April, 1888, at the usual voting places in said city, to be conducted by the same officers as those who conducted the city election; and the question to be submitted was, as to the issuing by the city of its bonds to the extent of one hundred and fifty thousand dollars, in addition to the annual levy of taxes now authorized by law, for the erection and operation of gas works in said city, or the purchase of the gas works already erected therein, to supply gas to the said city and the citizens thereof; said bonds to bear interest at five per cent. per annum, payable semi-annually, and to be redeemable within not more than thirty years from the date of the issue thereof, in such sums, and at thousand dollars ($150,000), for the erection of gas works, or the purchase of said bonds. Said bonds not to be sold at less than par.

The ordinance presented the form of the ticket to be voted as follows:

"For the issue of bonds of the city of Hamilton, Ohio, to the extent of one hundred and fifty thousand dollars ($150,000), for the erection of gas works or the purchase of gas works already erected therein;" or, "Against the issue of bonds of the city of Hamilton, Ohio, to the extent of one hundred and fifty thousand dollars ($150,000), for the erection of gas works, or the purchase of gas works already erected therein," as they may desire.

And the ordinance further provided that thirty days' notice by publication of the submission of the question of issuing said bonds, shall be given according to law, stating the amount of bonds to be issued, the purpose for which they are to be issued, and the time and place of holding the election, and requiring the mayor to issue his proclamation for said election according to law, in which he shall set forth the object of said election, and the time and manner of conducting it.

And that the ordinance shall take effect and be in force from and after ten days after its first publication.

Whether said ordinance ever was published as required by sec. 1695, does not appear from the pleadings; but a printed copy of the same is attached to the petition, and it is agreed by counsel that it was published, the first publication being on the 29th of February.

It is claimed further that on the 29th of February, 1888, the clerk gave notice, and the mayor issued and published a proclamation, which were duly published in two newspapers in said city, calling upon the citizens to vote for or against the issuing of said bonds on the 2d of April, 1888.

It is claimed by plaintiff that said proposed election, and all proceedings under it, are absolutely void, for the following reasons:

First—Because said proclamation and notice are premature and void, having been issued and given before there was any authority therefor.

Second—Because thirty days could not elapse from the taking effect of said ordinance until the 2d of April, 1888, the day named for said election.

Third—Because neither of said ordinance, proclamation or notice states the purpose for which said bonds are to be issued.

Fourth—Because the form of vote provided for in said ordinance does not enable the electors to vote for either the purchase or construction of gas works; but under the provisions thereof they are compelled to vote for both the purchase and construction, or against both.

Fifth—Because the words prescribed by statute to be "written or printed" by the electors upon their ballots, in such cases, are not provided for by either said ordinance, proclamation, or notice.

Sixth—Because there is no authority in the laws of Ohio for the proposed vote, the passage of such ordinance, or the issue of bonds as contemplated by said ordinance, proclamation, or notice, and any issue of bonds by said authority by the said city would be void, and would result in long, costly, and vexatious

litigation, for that the Hamilton Gas Light and Coke Company, incorporated and organized under the laws of Ohio, now is and has been for many years last past in operation in said city engaged in the business of furnishing gas to said city and citizens according to the laws of Ohio. That said gas company went into operation in said city, laid its pipes in the streets, alleys, public grounds, public buildings, and all other public places within said city, and has ever since occupied the same by virtue and authority of an ordinance of said city, passed July 9, 1855—and that in accordance with various ordinances and resolutions of the council of said city, it has from time to time laid its pipes in various parts of the city for the purpose of conveying gas to the city and citizens, and said council has fixed the price which said company should charge for its gas so furnished to said city and citizens, and that said company has always complied with said ordinance, and never neglected or refused to comply with them. That it is now operating its works and furnishing gas to the city and citizens under an ordinance passed November 27, 1885, regulating the price thereof for four years from the 1st of January, 1884, which ordinance was accepted in writing by the company, and is now in full force and will continue so, till January 1, 1889, unless canceled by mutual consent. He says he notified the city solicitor to bring an action to restrain the illegal acts and to enjoin the payment of any expense arising therefor, which would be a misappropriation of the corporation funds and an abuse of the corporate power of the city. But that said solicitor refused, and therefore he brings the action as a citizen and taxpayer for himself and the citizens and taxpayers.

He alleges as the result of said election and issuing bonds great and irreparable injury to the citizens of said city, and to himself in particular—that costly and vexatious litigation will follow, and that the proposed election and issue of bonds is an abuse of corporate power of the city and without warrant of law, and prays an injunction to restrain the city from holding said election, paying the expense thereof, issuing bonds and performing any act thereunder.

To this petition a demurrer was filed by defendants, alleging the following grounds:

1. Because the plaintiff has no legal capacity to sue and maintain the action.

2. Because the petition does not state facts sufficient to constitute a cause of action against the defendant.

3. Because there is a defect of parties defendant.

On hearing, the above demurrer was overruled, and defendant not desiring to further plead, an injunction was made perpetual.

It is claimed by defendant that the action should not have been brought by plaintiff in his individual character as a citizen or taxpayer, but that in accordance with sec. 1778 of Revised Statutes, the solicitor having refused to bring the suit, it should have been brought by plaintiff in his own name on behalf of the corporation.

To this plaintiff replies that it was not necessary first to apply to the city solicitor; that this was done only out of abundant caution. That he is entitled to the protection of the law under sec. 5848, which authorizes the court to enjoin the illegal levy of taxes assessed, etc., and of sec. 5849, which requires such action to be brought against the corporation, and it would be an anomaly for the city to sue itself; and by sec. 5008 one may bring a suit for all, where the parties are numerous and the interest common or general to them.

In the case of The Cincinnati Street Railroad Co. v. Richard Smith et al., 29 O. S., 291, a petition had been filed by the city solicitor at the request of Smith and others, taxpayers, to restrain the city from misapplying its funds, etc., and the petition was filed in the name of Richard Smith and others, but subscribed by the city solicitor. The court says that the action was well brought in the name of some of the real parties in interest. If the taxpayers were willing to assume the responsibilities of plaintiffs in the case, it was proper for the city.

solicitor to permit them to do so, and ·he complied with the requirements of the law in this respect when he acted as attorney for them in his official capacity. The court proceeds to say, "if under sec. 160 (which is the same as sec. 1778, Rev. Stat.), the taxpayer could make the application in his own name without the consent of the city solicitor, it would be a strange construction of these sections to say that he could not maintain the action in his own name under sec. 159 (which is the same as old sec. 1777, Rev. Stat.), with the consent and assistance of the city solicitor." The court in this case construed secs. 159 and 160 together, but the sec. 159 (1777) then provided simply that the city solicitor shall apply to a court of competent jurisdiction," etc., whereas now by the amendment of 1884, 81 O. L., 188, he is required to apply in the name of the corporation. What effect this change in the law would have in the construction, is one not without considerable difficulty. It evidently shows the intention of the legislature that the action, if brought by the solicitor, must no longer be in his own name, or in the name of any other person, but must be in the name of the corporation. That it must be an act of the corporation as a body, and not in the individual name of any person, however much he may be interested in the action. That it must be not for the protection of individual rights, but of corporate rights, and through this assertion of corporate rights in a corporate name, must the rights of individual taxpayers and citizens be worked out. It manifestly shows a distinction between this law and the general law (5448) which gives to any taxpayer the right to enjoin the illegal assessment or payment of a tax. In the. latter it is purely of a personal character in which the general public may not be interested, and the judgment only restraining the tax on account of its illegality as to particular persons, while the law under contemplation is for the. protection of corporate rights in favor of the corporation. It is purely a statu· tory remedy, and the application is required under sec. 1778 to be made, not on behalf of individual taxpayers, that is, as the word means, for the "advantage. convenience, benefit, interest, proper support or defense" of the taxpayer who· applies for himself or others, but on behalf of the corporation.

We think by a fair construction it was intended that the plaintiff should have brought the suit on behalf of the corporation, and not on his own or other taxpayers, and not having been so brought it should be dismissed. But as this is a ·defect which may be cured by dismissing the present and bringing a new action, and as the questions involved in the whole case have been presented to us, we have thought it proper to state our views upon others of them.

It is claimed by plaintiff that the ordinance under question, by its own terms, could not have taken effect until the 11th day of March, and that no· step could have been legal under it till that time. That by its terms the election,. even if legal, could not be held until thirty days after the 11th of March, or· until the 12th of April, instead of the 2d, and that as the ordinance fixed the· 2d of April as the day for election, it was an impossibility which could not be· accomplished, and therefore any action held under it was void.

It is admitted by the demurrer that this notice, proclamation and election are all intended to be in conformity to the ordinance.

It is called an ordinance in its title. Revised Statutes, 1695, requires that ordinances of a general nature or providing for improvements, shall be published in some newspaper of general circulation in the corporation, etc., and no ordinance shall take effect until after the expiration of ten days after the first publication of such notice. ·

Now it may be a mooted question whether this action of the city ·council simply calling for an expression by ballot of the people on a given question, be an ordinance of a general nature or one providing for improvements, which could not take effect till ten days after first published. And it may be, that this election could have been ordered by a mere resolution of council; but it was competent for the council, whether it be a resolution or ordinance, to fix a time

when it should take effect and be in force. This council has done, by saying that it should not take effect and be in force until from and after ten days after its publication.

If the mayor, therefore, is to act under this, he must wait till the ordinance has vital power. It virtually says to the mayor, you shall give thirty days' proclamation of the election, but you must not proceed to do that until ten days after the first publication of the ordinance; that is, you can issue no proclamation until the 11th of March, and then you may proceed to advertise for such election to be held in thirty days from that time, and the day of election shall be April 2, 1888. Now such a conjunction of time cannot possibly occur, and therefore no election can be held under it.

As to the third objection, whether the ordinance, notice or proclamation states the purpose for which said bonds are to be issued, we think the object is sufficiently stated; it is either for erecting gas works or purchasing those already in existence.

But the fourth objection we think a good one. The form of the vote authorized by the ordinance does not give the option to the voter to express his opinion clearly. He is given no other alternative than to vote for both the purchase and construction of gas works, or against the construction and purchase.

He may desire to vote for the purchase of the present works alone, but he is obliged to couple with that, that he votes for either the purchase or construction. He may desire to vote against the issue of bonds for the purchase of gas works, but he is obliged to couple with that a vote also against erection of gas works, the latter of which he may favor.

The defects we refer to are vital ones which render the ordinance impossible to be carried out legally.

It may be proper for us to further say that, in our opinion, under secs. 2835 and 2837, if a proper ordinance were passed and submitted to the voters of the municipality for the issue of bonds, and such vote were in favor of the issue, an improvement of the character desired being of a local nature, might properly be made.

Under sec. 2837, the proposition to be submitted to the people is clear and distinct. It provides that thirty days' notice is to be given, stating the amount of bonds to be issued, the purposes for which they are to be issued, and the time and place of holding the election, and the ballots shall contain simply the words: "For the issue of bonds," or, "against the issue of bonds."

Thos. Millikin, A. F. Hume, John F. Neilan, for plaintiff.

Messrs. Hull, Williams, J. C. McKemy, and Israel Williams, for defendants.